469 A.2d 556

**Joan M. BOND, Appellee,**

v.

**Charles B. GALLEN, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1983.

Decided Dec. 30, 1983.

Peter P. Liebert, III, David McCormick, Philadelphia, for appellant.

Matthew S. Donaldson, Jr., Media, for appellee.

Paul E. Holl, Lansdale, amicus curiae, for Ins. Fed. of Pa.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

McDERMOTT, Justice.

This is yet another case requiring an interpretation of the No-Fault Act.[1] Here, the issue is whether the two-year statute of limitations on tort actions allowed by the Act begins to run prior to the claimant knowing that she exceeded the Act's threshold for bringing tort actions.

The facts of this case are rather simple: On February 3, 1977, the appellee was injured in a car accident, struck from behind by a car driven by the appellant. On April 12, 1979, more than two years later, appellee filed her complaint.

1. Pennsylvania No-Fault Act Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 *et seq.*

There, she stated that it was not until December 2, 1978, when a test indicated that there was pressure on her lower lumbar spine requiring surgery, that she knew that her medical expenses would exceed $750. Until that time, the appellee's medical expenses totalled only $361. It was not until after December 17, 1978, when the appellee underwent surgery, that her expenses in fact exceeded $750.

In an answer to the complaint, the appellant asserted in new matter that the appellee's claim was barred by the statute of limitations. The appellant's motion for judgment on the pleadings was granted by the trial court. Sitting en banc, the Superior Court, 292 Pa.Super. 207, 437 A.2d 7, reversed and remanded,[2] holding that the statute of limitations does not begin to run until the claimant knows or, using reasonable diligence, should have known that the thresholds of section 301(a) of the No-Fault Act had been reached. The appellants brought this appeal, arguing that the statute of limitations begins to run on the date of the accident. We disagree, and we affirm the Superior Court's order.

■ The general rule is that actions for personal injury must be brought within two years from the date of the injury. 42 Pa.C.S.A. § 5524(2).[3] However, the general rule must give way within the framework of the No-Fault Act, since the Act so drastically changed the circumstances under which a person can sue in tort when injured in an automobile accident.

■ The starting point is Part III of the Act which sets out when a person injured in an automobile accident may bring a cause of action, and when he may not. Section 301 in pertinent part, provides:

§ 1009.301  Tort Liability.

(a) Partial abolition. Tort liability is abolished with respect to any injury that takes place in this State in

2. Judge Johnson wrote a dissenting opinion in which then President Judge Cercone joined.

3. Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 5524.

accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that ...

(5) A person remains liable for damages for non-economic detriment if the accident results in:

(A) death or serious and permanent injury; or

(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750)....

40 P.S. § 1009.301. The clear language of the Act states that a party does not have a cause of action *unless and until* medical expenses exceed $750. Except for those with more substantial medical bills, the Act abolishes "the *right* of those injured parties to recover in tort." *Singer v. Sheppard*, 464 Pa. 387, 397, 346 A.2d 897, 902–903 (1975).

In its opinion, the Superior Court specifically overruled one of its own cases, *Donnelly v. DeBourke*, 280 Pa.Super. 486, 421 A.2d 826 (1980). The Superior Court reasoned:

To say, as *Donnelly* did, that the statute of limitations starts to run from the date of the accident, even when none of the No-Fault Act's thresholds has been reached, is to say that the statute starts to run from a date on which, and even though, the cause of action did not exist.

*Id.*, 292 Pa.Super. at 211, 437 A.2d at 9. This Catch-22 should not be allowed to stand.[4]

---

**4.** Dramatizing its point, the court hypothesized a dialogue between a trial judge, forced to follow the old rule, and a claimant:

Suppose the accident was on January 1, 1978, but the $750 threshold was not reached until February 1, 1980. Judge: "Your claim is barred because the statute of limitations started to run on January 1, 1978." Claimant: "But under *Singer* I didn't have any cause of action on January 1, 1978. In fact, I didn't get a cause of action until February 1, 1980. By then, according to you, the statute had already run." Judge: "That's true, and it's too bad. What you should have done is, before the statute had run, file a claim saying

■ We hold that the two-year statute of limitations on tort actions allowed by the No-Fault Act does not begin to run until the claimant knows or, exercising reasonable diligence, should know that the claimant's medical and/or dental losses exceed a threshold specified in Section 301(a) of the Act.

■ This rule is in harmony with the general statutory rule for computing periods of limitation, which states:

> The time within which a matter must be commenced under this chapter shall be computed, except as otherwise provided by subsection (b) or by any other provision of this chapter, *from the time the cause of action accrued,* the criminal offense was committed or the right of appeal arose.

42 Pa.C.S.A. § 5502(a) (Emphasis supplied.).[5] Here, the cause of action did not accrue under the No-Fault Act until the appellee knew she had medical bills which exceeded the $750 threshold.

Such a "discovery rule" would not be foreign to the law in this area. A long-standing exception to the tort statute of limitations allows a plaintiff to bring an action when the injury sustained was not physically ascertainable at the time it was inflicted. The statute does not begin to run in such a case until the potential plaintiff learns, or by the exercise of reasonable diligence could have learned of the tortious conduct. E.g., *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959). (Where a surgeon left a sponge in a patient's abdomen during an operation, undiscovered for nine years.)

Moreover, to enforce a rigid statute of limitations in this case would run counter to the intentions of the legislature in passing the No-Fault Act. A contrary holding would

that although you had no cause of action, because the $750 threshold hadn't been reached, maybe you would have one, because maybe the threshold would be reached. That way you would have protected yourself."
292 Pa.Super. at 211, 437 A.2d at 9.

5. Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S.A. § 5502.

force claimants to file precautionary, even spurious complaints in order to protect their legal rights if it would be at all conceivable that their medical expenses might exceed the $750 threshold of section 301(a)(5)(B).[6]

The purpose of the Act was to "establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims." 40 P.S. § 1009.102(b). Curbing litigation in cases with comparatively low medical expenses was one method used in the Act to achieve the overall legislative goal of cheaper automobile insurance. To accept appellant's position would have the effect of encouraging rather than inhibiting such litigation.

Our holding is wholly consistent with this Court's recent decision in *Murphy v. Prudential Property and Casualty Insurance Company*, 503 Pa. 528, 469 A.2d 1378 (1983). There, we held that a claimant seeking to recover the cost of purportedly covered services under section 106 is required to bring suit within two years of the date that the claimant *knew or should have known that medical services rendered were necessitated by the automobile accident*, not within two years of the date of the accident. Here, in the same vein, we hold that the statute does not begin to run until the claimant knows or should know that a threshold under section 301(a) has been reached, in other words, until the claimant has a cognizable cause of action under the Act.

We are sympathetic to the appellant's argument that the result we reach today may present a difficult situation in a case where the threshold is not reached until many years after an accident, giving a defendant problems of proof.[7]

6. This result would also be incompatible with the fact-pleading policy of Pa.R.Civ.Pro. 1019(a).

7. We note that the provision in section 106 is not a statute of repose applicable to tort actions allowed by Article III of the No-Fault Act. *See Murphy v. Prudential Property and Casualty Insurance Company,*

292

However, this, as the Superior Court noted, will be the rare case and cannot solely advance a holding in favor of a rigid statute of limitations.

Thus, on remand, if it is found that the appellee failed to file this action within two years after she knew or should have known, exercising due diligence, that the thresholds of section 301(a) had been surpassed, the action should be held time barred. Otherwise, the litigation should be allowed to proceed.

The order of the Superior Court is affirmed and the case is remanded to the trial court for further proceedings consistent with this opinion.

LARSEN, J., concurs in the result.

ROBERTS, C.J., and HUTCHINSON, J., note their dissent.

*supra.* The promulgation of such a statute would be within the province of the legislature.