**Mildred WILSON, Appellant,**

v.

**TRANSPORT INS. CO., T/A TICO, Ins. Co., Infinity Leader Ins. Co., Ohio Casualty Co. and Great American Insurance Co. and Nationwide Mutual Insurance Co., Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 16, 2005.

Filed Dec. 6, 2005.

564

Vito F. Caruso, Philadelphia, for appellant.

Kenneth W. Taylor, Blue Bell, for appellee.

BEFORE: GANTMAN, PANELLA, and OLSZEWSKI, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Mildred Wilson, asks us to vacate the judgment entered in the Philadelphia County Court of Common Pleas, following the non-jury trial verdict rendered in favor of Appellee, Transport Ins. Co., t/a TICO, Ins. Co. ("TICO"), in Appellant's action against TICO for additional first-party medical benefits under the New Jersey "deemer" statute. We hold New Jersey's two (2) year statute of limitations applies to Appellant's claim. We further hold Appellant's estoppel claim does not constitute a basis for relief from the applicable statute of limitations. Finally, we hold Appellant is not entitled to recover under the New Jersey "deemer" statute in any event. Accordingly, we affirm.

¶ 2 The trial court's findings of fact set forth the relevant facts of this case as follows:

1. On July 6, 1996, [Appellant] was an adult female residing at 6245 Castor Av-

enue, Philadelphia, Pennsylvania with her son, Steven Wilson.

2. On July 6, 1996, [Appellant] was a rear-seat passenger in a vehicle owned and operated by Harry S. Gross.

3. At approximately 11:10 a.m., Harry S. Gross was operating his vehicle ("Gross vehicle") southbound in the center lane of Interstate 76 near mile post number 22 in Camden County, New Jersey.

4. The Gross vehicle struck the rear of a vehicle operated by Edward S. Pine ("Pine vehicle"). Pine's vehicle then struck the rear of another vehicle operated by Denise N. Brathwaite.

5. As a result of the collision, [Appellant] sustained numerous physical injuries.

6. As a result of the aforesaid accident and resultant injuries, [Appellant] has expended and become liable for sums [in] excess of $100,000.00 for prescriptions and medical treatment.

7. At the time of the accident, Steven Wilson [Appellant's son] was the named insured under a personal auto insurance policy issued by [TICO], Policy Number PA 0011698501 (the "Wilson Policy"), in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

8. At the time of the accident [TICO] was authorized to conduct business in Pennsylvania and New Jersey.

9. At the time of the accident [TICO] was able to write commercial automobile liability insurance in New Jersey.

10. The Wilson Policy with TICO contained first party medical benefits coverage with a limit of $5,000.00 for medical payments for a resident relative within the policy holder's household.

11. Following the motor vehicle accident of July 6, 1996, [Appellant] filed a claim for first party medical benefits with TICO, Claim Number 1018046.

12. Subsequently, TICO paid [Appellant] the maximum PIP benefits under Pennsylvania law, $5,000.00.

13. On December 2, 1997, TICO informed [Appellant] that her $5,000.00 first party medical benefits had been exhausted due to a payment made to Cooper Hospital.

* * *

16. At the time of the accident, Harry S. Gross, an adult, resided at 100 West Avenue, Apartment 5517, Jenkintown, Pennsylvania.

17. Harry S. Gross was a named insured under a personal auto insurance policy issued by [Nationwide Mutual Insurance Company], Policy Number 345544 (the "Gross Policy"), in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

18. [Nationwide] also issued a separate umbrella policy to Harry Gross under Policy Number 5837 PV 308010 which was in effect at the time of the accident.

* * *

21. [Appellant] never submitted a claim or otherwise requested first party benefits (for medical bills or expenses) from [Nationwide] under either the Gross Policy or the separate personal umbrella policy issued to Gross.

22. [Nationwide] never made payment of any first party medical benefits to, or on behalf of, [Appellant].

23. [Appellant] has incurred (and may in the future) reasonable and necessary medical expenses in an amount in excess of $50,000.00.

24. On November 29, 2001, [Appellant] filed this action in the Court of Common

Pleas, Philadelphia County naming TICO and Nationwide, among others as defendants.

(Trial Court's Findings of Fact, issued April 29, 2004, at 1–3). On May 10, 2004, Appellant timely filed post-trial motions for JNOV or alternatively a new trial. The court heard oral argument on May 27, 2004. On June 7, 2004, the court denied Appellant's post-trial motions and entered judgment on the non-jury verdict in favor of TICO and Nationwide. Appellant timely filed her notice of appeal on June 29, 2004 and court-ordered concise statement of matters complained of on appeal on July 21, 2004.

¶ 3 Appellant raises the following issues for our review:

DID [THE TRIAL COURT] ERR IN NOT GRANTING APPELLANT'S POST TRIAL MOTION FOR JUDGMENT N.O.V. OR IN THE ALTERNATIVE FOR A NEW TRIAL BECAUSE THE [COURT'S] DECISION WAS AGAINST THE WEIGHT OF THE EVIDENCE AND THAT SUCH DECISION WAS AGAINST APPLICABLE LAW ON THE FOLLOWING GROUNDS:

1. DID THE COURT ERR IN APPLYING THE NEW JERSEY STATUTE OF LIMITATIONS OF TWO (2) YEARS INSTEAD OF THE PENNSYLVANIA STATUTE OF LIMITATIONS OF FOUR (4) YEARS TO APPELLANT'S CAUSE OF ACTION THEREBY DISMISSING APPELLANT'S ACTION AGAINST [TICO] AS TIME BARRED;

2. DID THE COURT ERR IN NOT FINDING THAT [TICO] CONCEALED FROM APPELLANT THE FACT THAT SHE WAS ENTITLED TO ADDITIONAL MEDICAL PAYMENTS, OTHER THAN WHAT WAS PAID, WHICH WOULD TOLL THE STATUTE OF LIMITATIONS AND ESTOP [TICO] FROM INVOKING THE BAR OF THE STATUTE OF LIMITATIONS?

(Appellant's Brief at 4).

■■■ ¶ 4 Appellate review in this case implicates the following general principles:

Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue...concerns a question of law, our scope of review is plenary.

*Amerikohl Mining Co., Inc. v. Peoples Natural Gas Co.*, 860 A.2d 547, 549–50 (Pa.Super.2004), *appeal denied,* 583 Pa. 667, 876 A.2d 392 (2005) (internal citations omitted). The trial court's conclusions of law on appeal originating from a non-jury trial "are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts" of the case. *Triffin v. Dillabough,* 552 Pa. 550, 716 A.2d 605 (1998); *L.B. Foster Co. v. Charles Caracciolo Steel & Metal Yard, Inc.,* 777 A.2d 1090, 1093 (Pa.Super.2001).

■■■ ¶ 5 Regarding the court's decision to deny a motion for JNOV or a new trial, we note:

A JNOV can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for JNOV, we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the [court] could have properly made its award, then we must affirm the trial court's denial of the motion for JNOV. A JNOV should be entered only in a clear case.

Our review of the trial court's denial of a new trial is limited to determining whether the trial court acted capriciously, abused its discretion, or committed an error of law that controlled the outcome of the case. In making this determination, we must consider whether, viewing the evidence in the light most favorable to the verdict winner, a new trial would produce a different verdict. Consequently, if there is any support in the record for the trial court's decision to deny a new trial, that decision must be affirmed.

*Buckley v. Exodus Transit & Storage Corp.*, 744 A.2d 298, 304–05 (Pa.Super.1999) (internal citations omitted). Keeping these principles in mind, we consider the propriety of the trial court's decision to deny Appellant the relief she requested.

¶ 6 Essentially, Appellant argues she is entitled to an additional $245,000.00 in coverage from the TICO policy, because her auto accident occurred in New Jersey. Appellant complains the New Jersey two (2) year statute of limitations should not have been applied to her claim for additional benefits. Specifically, Appellant contends the case was initiated in Pennsylvania by a Pennsylvania resident against an insurance company that issued an automobile insurance policy in Pennsylvania. Although Appellant expressly filed her claim to recover under New Jersey's "deemer" statute, she maintains she brought her action "pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law" ("MVFRL"). (Appellant's Brief at 11). Appellant therefore wants to implement the four (4) year statute of limitations set forth in the MVFRL at 75 Pa.C.S.A. § 1721, as measured from TICO's last payment for first party medical benefits. Appellant notes TICO made its last payment on December 2, 1997. Appellant claims her complaint for further benefits was timely filed on November 21, 2001, within four years of the last payment under the TICO policy.

¶ 7 Appellant suggests the competing statutes of limitations create a "choice of law" issue. Although Appellant's demand arises by virtue of New Jersey law, she insists her rights and interests are compromised by New Jersey's two (2) year statute of limitations. Thus, Appellant asserts this Court should employ a "choice of law" analysis to determine which statute of limitations applies to her claim for additional first party benefits under the TICO policy pursuant to the New Jersey "deemer" statute. Appellant concludes that "choice of law" analysis unequivocally demonstrates her rights and interests are bet-

ter protected under Pennsylvania's four (4) year statute of limitations.

¶ 8 In the alternative, Appellant claims TICO should be equitably estopped from denying her the additional first party medical benefits under the New Jersey "deemer" statute, even if New Jersey's two (2) year statute of limitations controls. Appellant avers TICO falsely represented to her that she had exhausted her first party medical benefits under the policy, although additional first party medical benefits were available under New Jersey's "deemer" statute. Appellant posits TICO's failure to inform her of the additional benefits available under the New Jersey "deemer" statute represents affirmative concealment rising to the level of bad faith, such that the statute of limitations should be tolled. Appellant insists TICO knew she was entitled to additional first party benefits under New Jersey law and should have informed her of those rights. Instead, Appellant maintains, TICO actively suppressed that information, thereby compromising Appellant's ability to enforce her rights. Appellant complains the court erred when it refused to estop TICO from asserting the statute of limitations as an affirmative defense to Appellant's recovery. Appellant concludes we should reverse the trial court's order entering judgment in favor of TICO and dismissing Appellant's action, and remand for entry of judgment in her favor. We cannot agree.

■■■■ ¶ 9 Absent issues pertaining to the discovery rule, "[w]hether the statute of limitations has run on a claim is generally a question of law for the trial judge." *Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa.Super.2004). Which statute of limitations applies to a cause of action is also a matter of law for the court to determine. *Packer Soc. Hill Travel Agency, Inc. v. Presbyterian University of Pennsylvania Medical Center*, 430 Pa.Super. 625, 635 A.2d 649, 651 (1993). Additionally, the

interpretation and "application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Commonwealth v. Williams*, 871 A.2d 254, 262 (Pa.Super.2005); *Weiner v. Fisher*, 871 A.2d 1283, 1285 (Pa.Super.2005).

¶ 10 The relevant Pennsylvania statute of limitations provides:

### § 1721. Statute of limitations

(a) **General rule**—If benefits have not been paid, an action for first party benefits shall be commenced within four years from the date of the accident giving rise to the claim. If first party benefits have been paid, **an action for further benefits shall be commenced within four years from the date of the last payment.**

75 Pa.C.S.A. 1721(a) (emphasis added). The pertinent New Jersey statute of limitations in pertinent part states:

### 39:6A–13.1 Limitation of actions

a. Every action for the payment of benefits payable under a standard automobile insurance policy..., medical expense benefits payable under a basic automobile insurance policy...or benefits payable under a special automobile insurance policy..., except an action by a decedent's estate, shall be commenced not later than two years after the injured person or survivor suffers a loss or incurs an expense and either knows or is the exercise of reasonable diligence should know that the loss or expense was caused by the accident, or not later than four years after the accident whichever is earlier, provided, however, **if benefits have been paid before then an action for further benefits may be commenced not later than two years after the last payment of benefits.**

N.J.S.A. § 39:6A–13.1(a) (emphasis added).

■■■■ ¶ 11 Initially, with respect to Appellant's "choice of law" proposal we note:

In Pennsylvania, choice of law analysis first entails a determination of whether the laws of the competing states actually differ. If not, no further analysis is necessary. If we determine a conflict is present, we must analyze the governmental interests underlying the issue and determine which state has the greater interest in the application of its law.

*Ratti v. Wheeling Pittsburgh Steel Corp.,* 758 A.2d 695, 702 (Pa.Super.2000), *appeal denied,* 567 Pa. 715, 785 A.2d 90 (2001). When the issue in the case is coverage under an insurance policy, the case is a contract matter. *Nationwide Mut. Ins. Co. v. West,* 807 A.2d 916, 921 (Pa.Super.2002).

Under the flexible conflicts methodology approach to insurance contract cases, which was set forth by our Supreme Court in *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964), the court must apply the law of the state having the most significant contacts or relationships with the contract and not the underlying tort.

*Id.* See also *Caputo v. Allstate Ins. Co.,* 344 Pa.Super. 1, 495 A.2d 959 (1985) (stating when issue involves insurance policy, points of contact to consider are each state's contacts with insurance policy at issue, not underlying tort).

¶ 12 Nevertheless, the "choice of law" analysis applies only to conflicts of substantive law. *Ferraro v. McCarthy–Pascuzzo,* 777 A.2d 1128 (Pa.Super.2001); *Larrison v. Larrison,* 750 A.2d 895 (Pa.Super.2000); *Bell v. Santiago,* 351 Pa.Super. 431, 506 A.2d 424 (1986).

Substantive law is the portion of the law which creates the rights and duties of the parties to a judicial proceeding, whereas procedural law is the set of rules which prescribe the steps by which the parties may have their respective rights and duties judicially enforced.

*Ferraro, supra* at 1137. Historically, Pennsylvania treats the question of which statute of limitations applies not as a matter of substantive law but as a matter of procedural law; that is, how and when a claim can be judicially enforced. *Unisys Finance Corp. v. U.S. Vision, Inc.,* 428 Pa.Super. 107, 630 A.2d 55, 58 (1993), *appeal denied,* 538 Pa. 615, 645 A.2d 1318 (1994).

¶ 13 In the instant case, the dispute regarding the appropriate statute of limitations is a question of procedural law. *See id.* Therefore, we reject Appellant's contention that the case calls for a "choice of law" analysis. *See Ferraro, supra.*

¶ 14 When deciding which statute of limitations is appropriate,

The long-standing rule of Pennsylvania is that the law of the forum determines the time within which a cause of action shall be commenced. This rule has not been changed despite the adoption of the significant contacts/interest analysis on substantive choice of law matters by the [S]upreme [C]ourt in *Griffith* [, *supra* ]. Rather the proper source of analysis is the terms of [Pennsylvania's] borrowing statute at 42 Pa.C.S.A. § 5521.

*Unisys, supra* at 58. Section 5521 in pertinent part provides:

**§ 5521. Limitations on foreign claims**

* * *

**(b) General rule.**—The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.

**(c) Definition**—As used in this section "claim" means any right of action which may be asserted in a civil action created by statute.

42 Pa.C.S.A. § 5521(b)-(c).

¶ 15 Apart from these general rules on choosing the appropriate statute of limitations, under the principle of judicial comity Pennsylvania courts read the New Jersey "deemer" statute as an implied endorsement to a Pennsylvania policy. *Smith v. Firemens Ins. Co. of Newark, New Jersey,* 404 Pa.Super. 93, 590 A.2d 24 (1991), *appeal denied,* 529 Pa. 669, 605 A.2d 334 (1992).[1] This implied endorsement necessarily implicates the New Jersey automobile (PIP) legislation as a whole, including the statute of limitations at Section 36:6A–13.1, even though it is not expressly mentioned in the "deemer" statute. *State Farm Mut. Auto. Ins. Co. v. Crocker,* 288 N.J.Super. 250, 672 A.2d 226, 229 (App.Div.1996) (stating: "The PIP statute, read as a whole, denotes a bundle of rights and obligations as between insurers and claimants, not merely a required amount and type of insurance by the carrier").

¶ 16 In the instant case, Appellant's claim against the TICO policy is a creature of New Jersey law. Because the TICO policy was delivered in Pennsylvania to a resident of Pennsylvania (Appellant's son), it is subject to Pennsylvania's general law on contract interpretation. *See Nationwide Mut. Ins. Co., supra.* Under the principle of judicial comity, our recognition of New Jersey's "deemer" statute as a

potential implied endorsement to the TICO policy necessarily compels recognition of the New Jersey statute of limitations appropriate to that endorsement. Thus, we now hold an appropriate claim for benefits under the New Jersey "deemer" statute incorporates the statute as an implied endorsement to a Pennsylvania insurance policy as well as New Jersey's shorter limitations period to bring the claim. *Accord DiOrio v. Nationwide Mut. Ins. Co.,* 17 F.3d 657 (3rd Cir.1994) (holding New Jersey "deemer" statute as implied endorsement to Pennsylvania auto insurance policy includes time limitation for filing claims under New Jersey personal injury protection statute as well as entitlement to benefits, all of which in appropriate case become provisions of the Pennsylvania policy); *Prudential Property and Cas. Ins. Co. v. Liberty Mut. Ins. Co.,* 896 F.Supp. 400 n. 4 (E.D.Pa.1994) (citing *DiOrio* for proposition that extension of judicial comity to benefits of New Jersey "deemer" statute also includes extension of judicial comity to New Jersey statute of limitations jurisprudence).

¶ 17 Our holding is consistent with Pennsylvania contract law, which allows contracts to set a shorter period for filing certain claims. *See Commonwealth v. Transamerica Ins. Co.,* 462 Pa. 268, 341 A.2d 74 (1975) (stating "This Commonwealth has long recognized the validity of a policy provision limiting the time of bringing suit under its terms and rendering the normal statute of limitations for the cause of action in question inapplicable") (citing

---

1. The term "comity" refers to "the principle that courts of one state or jurisdiction will give effect to laws and judicial decisions of another state out of deference and mutual respect, rather than out of duty." *Id.* at 27. "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition

which one [state] allows within its territory to the legislative, executive or judicial acts of another [state]. . . .
*Id.* (quoting *Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the Southern Dist. of Iowa,* 482 U.S. 522, 543 n. 27, 107 S.Ct. 2542, 2555 n. 27, 96 L.Ed.2d 461, 483 n. 27 (1987)).

*Howard Ins. Co. v. Hocking,* 130 Pa. 170, 18 A. 614 (1889) (citing cases)).[2] As the federal court suggested in *DiOrio,* a proper claimant under the New Jersey "deemer" statute is "the fortuitous beneficiary of an entirely unexpected provision" and should "expect to adhere to the time constraints that accompany it". *DiOrio, supra* at 660. Accordingly, we hold the trial court properly applied New Jersey's two (2) year statute of limitations to Appellant's action against TICO for additional first party benefits pursuant to the New Jersey "deemer" statute.

■■■ ¶ 18 With respect to Appellant's estoppel argument, we note under Pennsylvania's procedural rules,

"A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim and any other non-waivable defense or objection." Pa. R.C.P. 1032(a). Defenses to the statute of limitations, such as estoppel, agreement, agency, apparent authority, fraud, or concealment are waivable defenses and **must** be raised in a reply to new matter asserting the statute of limitations as an affirmative defense.

*Devine, supra* at 1168–69 (emphasis added) (most internal citations omitted).

■■■ ¶ 19 Further,

Our Supreme Court has frequently stressed the necessity of raising claims **at the earliest opportunity,** i.e., during the trial or hearing, so that alleged errors can be corrected promptly, thus eliminating the possibility that an appellate court will be required to expend time and energy reviewing claims on which no trial ruling has been made. *Mazlo v. Kaufman,* 793 A.2d 968, 969 (Pa.Super.2002). Thus, as a general rule, assuming there is an opportunity to do so, claims that have not been raised during trial may not be raised for the first time on appeal. *Id.* See also *Jahanshahi v. Centura Development Co., Inc.,* 816 A.2d 1179, 1189 (Pa.Super.2003) (stating same).

■■■ ¶ 20 In the instant case, Appellant did not plead estoppel in her reply to TICO's new matter, which asserted the statute of limitations as an affirmative defense. Moreover, Appellant did not raise estoppel in her proposed findings of fact and conclusions of law, which were submitted to the court pretrial. Further, Appellant did not raise any estoppel argument at trial, although she had ample opportunity to do so. In fact, most of the trial time was spent trying to determine whether Pennsylvania's or New Jersey's statute of limitations applied to the case (without a hint of estoppel) and arguing to keep Nationwide in the case.

¶ 21 Appellant asserted her "estoppel" argument for the first time in her motion for post-verdict relief, under the rubric of TICO's breach of duty of good faith for failure to disclose its true "status" in New Jersey in its pleadings and discovery responses. In her motion for post-verdict relief, Appellant claimed she raised TICO's "deplorable and wanton" conduct in her motion *in limine* (to preclude TICO from offering any evidence at trial on whether TICO is authorized to do business in New

---

**2.** Assuming without deciding that a Section 5521 analysis would apply to this case, our decision to adopt the shorter limitations period is also consistent with the Pennsylvania statute of limitations on foreign claims. *See* 42 Pa.C.S.A. § 5521 (dictating in this case application of New Jersey's two (2) year statute of limitations).

Jersey or to distinguish TICO's authorization to do business in New Jersey from the fact that TICO does not actually write policies in New Jersey). However, Appellant's motion *in limine* is not included in the certified record on appeal. Although the copy of the motion contained in Appellant's reproduced record at 42a–48a is time-stamped June 13, 2003 (the first day of trial), the motion does not appear on the certified docket as having been filed of record. The motion was served on opposing counsel just before trial began. Ultimately, the court did not address it, because TICO's counsel agreed he would not argue that distinction at trial. Nowhere in the motion did Appellant assert or even mention that TICO's alleged conduct should work to toll the statute of limitations. Therefore, Appellant's estoppel claim, introduced for the first time in her motion for post-verdict relief, was not raised at the earliest opportunity and is subject to waiver. *See* Pa.R.C.P. 1032(a); *Devine, supra. See also Mazlo, supra.*

■■■ ¶ 22 Nevertheless, the court addressed Appellant's estoppel claim on the merits in the court's Rule 1925(a) opinion as follows:

> The court stands by its Findings of Fact and Conclusions of Law. The court will, however, address the tolling of the statute **as it was not addressed in the Findings of Fact and Conclusions of Law.**

> *Tolling of the Statute of Limitation*

> [Appellant] claims that the court erred in not finding that the rejection of additional bills by [TICO] constituted "fraud, intentional deception or the making of misleading statements" so as to permit the tolling of the statute of limitations.

*See Miller v. Keystone Ins. Co.,* [535] Pa. 531, 636 A.2d [1109] (1994)[, *cert. denied,* 513 U.S. 875, 115 S.Ct. 202, 130 L.Ed.2d 132 (1994) ] ( [stating] "If, however, the insurer fraudulently or deceptively lulls the [insured] into inaction, the principle of estoppel will operate to prevent the insurer from claiming the defense of untimeliness when the insured's failure to timely file a petition has resulted from the insurer own actions").

[Appellant] offered no evidence that can be construed, constructed or manipulated to show that [TICO], by its words and/or conduct, lulled [Appellant] into a false [sense] of security. [Appellant] failed to present evidence that she did not have legal representation at the relevant time and relied solely on [TICO], nor did [Appellant] present evidence that [TICO] acted or offered to act as counsel or representative for [Appellant].[2] The rejection of additional bills is insufficient to confer a legal duty such that failure to inform [Appellant] of additional coverage would permit the tolling of the statute.

2 [Appellant's] reliance on *Goll v. Ins. Co. of North America,* [417 Pa.Super. 46,] 611 A.2d 1255 ( [Pa.Super.] 1992)[, *appeal granted, judgment vacated,* 536 Pa. 82, 637 A.2d 1325 (1994), *appeal denied,* 539 Pa. 668, 652 A.2d 838 (1994) ] is misplaced. That case, which [imposed] a duty on an insurer to inform the insured of all potential claims and benefits, was vacated [and remanded for reconsideration in light of] *Miller v. Keystone Ins. Co.,* 535 Pa. 531, [636] A.2d [1109] (1994)[, *cert. denied,* 513 U.S. 875, 115 S.Ct. 202, 130 L.Ed.2d 132 (1994) ][3].

---

**3.** In *Miller,* our Supreme Court declined to impose an affirmative duty on an insurer to

inform a claimant about the potential of additional benefits under a policy, where "the

[TICO] did not engage in behavior that would allow the statute to be tolled. [Appellant] did not initiate her action within the time [allotted]. As a result, her action is time barred.

(Trial Court Opinion, dated August 3, 2004, at 2–3). We further observe comments from the concurring and dissenting opinion in the original *Goll* decision, which accurately said:

[I]n the absence of expressly proved fraud, there can be no estoppel based on the acts or conduct of the party sought to be estopped, where they are as consistent with honest purpose and with absence of negligence as with their opposites. Thus, "[a] mutual mistake as to the law, knowledge of which is equally available to both parties, cannot raise an estoppel." *Ham v. Gouge*, [214 Pa.Super. 423,] 257 A.2d 650, 652 ( [Pa.Super.] 1969). Similarly, an estoppel cannot be created by representations or opinions concerning matters of law.

*Goll, supra* at 1265 (Concurring and Dissenting Opinion by Wieand, J.) (some internal citations omitted).

¶ 23 Under *Miller, supra,* TICO had no affirmative obligation in this case to inform Appellant about potential benefits under the New Jersey "deemer" statute or the prerequisites for relief for the following reasons. First, Appellant was represented at all relevant times by counsel. Counsel had the independent procedural and practical means to identify the legal and practical implications/applications of the New Jersey "deemer" statute and TICO's "status" in New Jersey, as Appellant's counsel ultimately demonstrated in December 12, 2002, when he sent a letter of inquiry directly to the New Jersey Department of Banking and Insurance.

¶ 24 Second, all of TICO's allegedly "deplorable and wanton" conduct in its pleadings and discovery concerning its "status" in New Jersey, occurred after Appellant had filed her complaint, which was already untimely. TICO did nothing to prevent or distract Appellant from filing a timely complaint.

██ ¶ 25 Third and equally important, TICO's "status" in New Jersey is not dispositive of whether Appellant was entitled to the additional first party medical benefits under the New Jersey "deemer" statute. The New Jersey "deemer" statute in relevant part provides:

**17:28–1.4. Automobile or motor vehicle liability policy; mandatory coverages; construction of policy; written certification of compliance; "automobile" defined**

Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this · State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy

---

record is totally devoid of any indication that the insurer voluntarily assumed to act as the insured's counsel." *Id.* at 537, 636 A.2d at 1112. Absent allegation or evidence in the record to suggest the insurer induced the insured to refrain from retaining counsel, made promises to the insured, or transformed itself into the insured's legal advisor, the insurer has no affirmative duty to disclose the exis-

tence of additional potential benefits. *Id.* "If, however, the insurer fraudulently or deceptively lulls the insured into inaction, the principle of estoppel will operate to prevent the insurer from claiming the defense of untimeliness when the insured's failure to timely file a petition has resulted from the insurer's own actions." *Id.* at 540, 636 A.2d at 1114.

coverage to satisfy at least the personal injury protection benefits coverage pursuant to section 4 of P.L.1972, c. 70 (C.39:6A–4) or section 19 of P.L. 1983, c. 362 (C.17:28–1.3) for any New Jersey resident who is not required to maintain personal injury protection coverage pursuant to section 4 of P.L. 1972, c. 70 (C.39:6A–4) or section 4 of P.L.1998, c. 21(C. 39:6A–3.1) and who is not otherwise eligible for such benefits, **whenever the automobile or motor vehicle insured under the policy is used or operated in this State.** In addition, any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of subsection a. of section 1 of P.L.1972, c. 197 (C.39:6B–1) or section 3 of P.L.1972, c. 70 (C.39:6A–3), the uninsured motorist insurance requirements of subsection a. of section 2 of P.L.1968, c. 385 (C.17:28–1.1), and personal injury protection benefits coverage pursuant to section 4 of P.L.1972, c. 70 (C.39:6A–4) or of section 19 of P.L.1983, c. 362 (C.17:28–1.3), **whenever the automobile or motor vehicle insured under the policy is used or operated in this State.**

Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, and any named insured, and any immediate family member as defined in section 14.1 of P.L.1983, c. 362 (C.39:6A–8.1), under that policy, shall be subject to the tort option specified in subsection a. of section 8 of P.L.1972, c. 70 (C.39:6A–8).

Each insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State and subject to the provisions of this section shall file and maintain with the Department of Banking and Insurance written certification of compliance with the provisions of this section.

N.J.S.A. 17:28–1.4 (emphasis added). The "deemer" statute applies to policies of out-of-state residents when: (1) **the insured automobile** is used in New Jersey, and (2) the insurer is authorized to do business in New Jersey. *Whitaker v. DeVilla,* 147 N.J. 341, 687 A.2d 738 (1997) (emphasis added). Thus, the New Jersey "deemer" statute is implicated only in those instances where the insured vehicle is involved in an accident in New Jersey. *See* N.J.S.A. 17:28–1.4; *Smith, supra. See also DiOrio, supra; Prudential Property and Cas. Ins. Co., supra* (stating "New Jersey deemer statute serves as endorsement to Pennsylvania policy **covering car involved in accident,**" where insurer [is] qualified to do business in New Jersey") (emphasis added). If the policy in question was written for a vehicle other than the vehicle involved in the accident, then New Jersey's "deemer" statute does not serve as an endorsement to the policy. *Id.*

¶ 26 In the instant case, the court concluded **as a matter of law** that New Jersey's "deemer" statute "applied" in this case. *See* Trial Court's Conclusions of Law, dated April 29, 2004, ¶¶ 6, 10. The court also concluded as a matter of law that no recovery was available to Appellant under this statute. *Id.* ¶¶ 9, 20. While the first of these conclusions can be construed as arguably at odds with our decision on

appeal, we are not bound by that conclusion of law. *See Triffin, supra.*

¶ 27 Nevertheless, we agree with the court's second conclusion of law that no recovery was available to Appellant under the New Jersey "deemer" statute.[4] The undisputed reality of this case is that Appellant was **not** in the TICO-insured vehicle when she was injured. In other words, the TICO-insured vehicle was not involved in the accident. Although the trial court ultimately denied Appellant relief on the basis of New Jersey's two (2) year statute of limitations, examination of the "deemer" statute also discloses that Appellant did not qualify for additional first party medical benefits under that statute in any event. *See Smith, supra; Whitaker, supra.* Because a basis exists for the trial court's decision to dismiss Appellant's claim, we must affirm the court's decision to deny Appellant's motion for JNOV. *See Buckley, supra.* Further, a new trial in this case would not produce a different result. *See id.*

¶ 28 Based upon the foregoing, we hold New Jersey's two (2) year statute of limitations applies to Appellant's claim for additional first party medical benefits under the New Jersey "deemer" statute. We further hold Appellant's estoppel argument does not constitute a basis for relief from the applicable statute of limitations. Finally, we hold Appellant is not entitled to recover additional first party medical benefits under the New Jersey "deemer"

statute in any event. Accordingly, we affirm the trial court's decision to deny Appellant the relief she requested.

¶ 29 Judgment affirmed.

¶ 30 *Judge PANELLA files a concurring and dissenting opinion.

## CONCURRING/DISSENTING OPINION BY PANELLA, J.:

¶ 1 I concur with the majority's well reasoned conclusions that the New Jersey statute of limitations applies and that under New Jersey law, Appellant is entitled to no relief. However, I cannot join the majority's conclusion that TICO's conduct in concealing the availability of benefits did not toll the running of the limitations period. TICO's conduct in the case *sub judice* is distinguishable from the facts before the Court in *Miller*, as TICO affirmatively informed Appellant that her benefits had been exhausted. This is not a case where TICO merely remained silent. Accordingly, I must dissent from that portion of the majority's discussion, which held as an alternative basis for its decision, that TICO had no "affirmative obligation to inform Appellant about potential benefits."

---

4. Importantly, we can affirm the trial court's decision on any valid basis, as long as the court came to the correct result, which in this case was to deny Appellant relief. *See Boyer v. Walker*, 714 A.2d 458 (Pa.Super.1998) (stating appellate court may affirm order of trial court on any basis if decision is correct); *Alco Parking Corp. v. Public Parking Authority of Pittsburgh*, 706 A.2d 343 (Pa.Super.1998), *appeal denied*, 555 Pa. 725, 725 A.2d 178 (1998) (stating where trial court has reached correct result, its order will be sustained if it can be

sustained for any reason). Moreover, TICO was under no obligation to argue these additional grounds for affirmance in a cross-appeal. To the contrary, the judgment in this case was entered in favor of TICO. As the prevailing party, TICO was not "aggrieved" and therefore, did not have standing to appeal the judgment entered in its favor. *See Ratti, supra;* Pa.R.A.P. 501. As such, any cross-appeal TICO might have brought would have been quashed under prevailing law.