J-A17025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KAMAL PATEL AND MAULIK SHAH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| DESNJI DHANJI AND AKASH INVESTMENT, LLC AND CIGAR WALA, LLC, | |
| Appellants | No. 2468 EDA 2014 |

Appeal from the Judgment Entered August 18, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, 2012 No. 02814

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 07, 2015**

Desnji Dhanji and Akash Investment, LLC appeal from the judgment entered August 18, 2014, following a non-jury trial.  The trial court found for Appellees, Kamal Patel and Maulik Shah, on their claims for breach of contract; for Appellee Shah on his claim for conversion; and against Appellants on their counter-claim for conversion.[1]  We vacate in part, affirm in part, and remand with instructions.

In May 2010, Appellant Dhanji purchased Cigar Wala LLC, d/b/a Chestnut Smoke Shop, a cigar and lottery store located at 87 South 8th

---

[1] Cigar Wala, LLC joined Appellants in the counterclaim for conversion against Appellees.  The counterclaim is not a subject of this appeal.

Street, Philadelphia, PA, for $150,000.00. The shop was not operating successfully. Therefore, in June 2011, Appellant Dhanji hired Appellee Shah to manage the shop. Shah was successful, and the store became profitable. Nevertheless, Dhanji owed a considerable sum of money to the former owner of the shop, and so he sought additional investors.

In September 2011, Dhanji entered into a written contract with Appellee Patel, pursuant to which Dhanji agreed to transfer a 50% ownership interest in the shop in exchange for the payment of $50,000.00. In December 2011, Shah purchased a 25% ownership interest in the shop for $25,000, pursuant to an oral agreement between the parties.

During Shah's management, the shop produced approximately $25,000.00 in monthly merchandise revenue. *See* Notes of Testimony (N.T.), 03/06/2014, at 28. Of that, approximately $6,500.00 was profit. *Id.* at 31. The shop also generated revenue from the sale of lottery tickets. In the 2012, for example, total profits (for the year) from the sale of lottery tickets were $78,678.06. *Id.* at 30; *see also* Appellees' Trial Exhibit P-8 ("2012 Form 1099-MISC").

In March 2012, Appellant Dhanji arranged a separate transaction between Appellee Shah, his father, Paresh Kumar Shah, and the owner of a gas station. Shah's father executed a written contract to purchase the gas station, located at Broad and Girard streets in Philadelphia, PA, for $75,000.00. Appellee Shah provided an initial $25,000.00 deposit,

returnable during a one-week trial period. Dhanji served as an intermediary for the transaction: Shah gave the money to Dhanji, who in turn gave the money to the owner of the gas station. Following the trial period, Shah and his father declined to pursue the transaction. However, Dhanji acknowledged that he did not return the deposit money to Shah.

In May 2012, following a dispute, Dhanji ousted Appellees from the shop premises. Since that time, he has refused them access to the premises and has failed to share the profits generated by the shop.

Appellees commenced this action in July 2012, asserting breach of contract, breach of fiduciary duty, and conversion. Appellants and Cigar Wala, LLC filed a counterclaim, asserting conversion. The matter proceeded to a non-jury trial in March 2014. At trial, Appellant Dhanji failed to produce comprehensive, documentary evidence detailing sales, expenses, inventory and profits associated with the shop from the period following his ouster of Appellees, despite prior court orders compelling him to do so. ***See, e.g.***, N.T. at 143 (counsel noting that Appellant Dhanji had failed to submit a 1099-MISC for 2013 lottery profits; the trial court agreeing to draw a negative inference against Dhanji's claims); N.T. at 299 (noting the absence of documentary evidence detailing transactions from May 2012 through October 2012).

Following trial, in April 2014, Appellees filed proposed findings of fact and conclusions of law. Appellants did not. Thereafter, in June 2014, the

trial court issued its decision, as outlined above, including detailed findings of fact and conclusions of law. *See* Trial Court Disposition, 06/20/2014. The trial court awarded the following damages: (1) to Appellee Shah in the amount of $156,000.00 for breach of contract as 25% owner of Cigar Wala, LLC, and $25,000 for conversion related to the gas station transaction; and (2) to Appellee Patel in the amount of $312,000.00 for breach of contract as 50% owner of Cigar Wala, LLC. *Id.* Thereafter, upon Appellees' motion, the trial court molded its verdict to add prejudgment interest. *See* Trial Court Order, 08/01/2014. Appellants filed post-trial motions (incorrectly labelled motions for reconsideration), and following their denial by the trial court, judgment was entered.[2] Appellants timely appealed.[3]

Appellants raise the following issues:

1. Are the trial court's findings as to the damages for breach of contract supported by the evidence presented by trial?

2. Did the trial court err in finding [Appellants], Desnji Dhanji and Akash Investment, LLC, liable for conversion?

Appellants' Brief, at 6.

_____

[2] This Court observed that the timing and form of Appellants' post-trial motion, filed July 2, 2014, was inconsistent with Pa.R.C.P. 227.1, and we issued a rule to cause as to the basis of our jurisdiction to entertain this appeal. *See* Order, 10/16/2014. Appellants timely responded, and the rule was discharged. *See* Order, 10/30/2014.

[3] The trial court did not direct Appellants to filed a Pa.R.A.P. 1925(b) statement.

- 4 -

Appellants contend that the evidence presented at trial does not support the amount of damages awarded to Appellees for breach of contract. Accordingly, Appellants seek a new trial on damages. Appellants also contend that there was insufficient evidence to conclude that Appellee Shah provided $25,000.00 to Appellant Dhanji as a deposit for the purchase of a gas station. Accordingly, Appellant also seeks judgment notwithstanding the verdict on Appellees' claim for conversion.

Our standards of review are well established:

> Our review of the trial court's denial of a new trial is limited to determining whether the trial court acted capriciously, abused its discretion, or committed an error of law that controlled the outcome of the case. In making this determination, we must consider whether, viewing the evidence in the light most favorable to the verdict winner, a new trial would produce a different verdict. Consequently, if there is any support in the record for the trial court's decision to deny a new trial, that decision must be affirmed.

*Grossi v. Travelers Personal Ins. Co.*, 79 A.3d 1141, 1147–1148 (Pa. Super. 2013) (quoting *Wilson v. Transp. Ins. Co.*, 889 A.2d 563, 568-569 (Pa. Super. 2005)). Regarding Appellants' claim for judgment notwithstanding the verdict:

> A [judgment notwithstanding the verdict] can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for [judgment notwithstanding the verdict], we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the

benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the [court] could have properly made its award, then we must affirm the trial court's denial of the motion for [judgment notwithstanding the verdict]. A [judgment notwithstanding the verdict] should be entered only in a clear case.

*Prieto Corp. v. Gambone Constr. Co.*, 100 A.3d 602, 609 (Pa. Super. 2014) (quoting *Joseph v. Scranton Times, L.P.*, 89 A.3d 251, 260 (Pa. Super. 2014)).

We have reviewed the certified record, including the transcript of the non-jury trial. We discern no error in the trial court's findings or conclusions, except in one very notable respect.

The duty of assessing damages is for the fact-finder, whose decision should not be disturbed on appeal unless the record clearly shows that the amount awarded was the result of caprice, partiality, prejudice, corruption, or some other improper influence. In reviewing the award of damages, the appellate courts should give deference to the decisions of the trier of fact who is usually in a superior position to appraise and weigh the evidence. The damage calculation need not be determined with complete accuracy, but it must be founded on a reasonable factual basis, not conjecture.

*Lesoon v. Metropolitan Life Ins. Co.*, 898 A.2d 620, 628 (Pa. Super. 2006) (internal citations and quotation marks omitted).

Here, the trial court determined that the shop generated lottery profits approximating $26,000.00 per month, thus totaling $624,000.00 over the 24-month period beginning when Appellant Dhanji ousted Appellees from the shop in May 2012 until trial in June 2014. *See* Trial Court Disposition at 7.

- 6 -

The record does not support this conclusion. To the contrary, Appellee Shah testified that *profits* generated from the sale of lottery tickets totaled $78,678.06 in 2013, thus approximating $6,500.00 per month. **See** N.T. at 30.[4] In addition, Shah testified that the shop generated approximately $6,500.00 profit from the sale of other merchandise. **See id.** at 31. Thus, the record only supports a conclusion that total monthly profits approximated $13,000.00. Moreover, our calculation coincides with that proposed by Appellees before the trial court. **See** Appellees' Amended Proposed Findings of Fact and Conclusions of Law, 04/16/2014 (proposing a similar determination).

Nevertheless, this error does not require a new trial on damages. In our view, it is sufficient that we vacate that portion of the judgment entered below comprising Appellees' damages for breach of contract and the pre-judgment interest awarded thereupon.[5] On remand, the trial court shall recalculate Appellees' damages consistent with the evidence presented at trial.

---

[4] Lottery profits are distinct from lottery sales. **See** N.T. at 21 (Shah quantifying the increase in lottery ticket sales).

[5] In addition, the decision of the trial court, entered on June 20, 2014, and the order molding its verdict, entered on August 1, 2014, are vacated to the extent necessary to correct the damages for breach of contract. To be clear: we discern no error or abuse of discretion regarding the trial court's decision to find in favor of Appellee Shah on his claim for conversion. The trial court awarded Shah $25,000.00, plus pre-judgment interest. That portion of the judgment entered below remains intact.

Judgment vacated in part.  Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/7/2015</u>