20 A.3d 466

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Eddie ALMODORAR,[1] Petitioner.**

Supreme Court of Pennsylvania.

April 18, 2011.

1. According to the Superior Court, the correct spelling of petitioner's last name is "Almodovar."

Raymond D. Roberts, Philadelphia, for petitioner.

Hugh J. Burns, Jr., Philadelphia District Attorney's Office, for respondent.

PER CURIAM.

**AND NOW,** this 18th day of April 2011, the Petition for Allowance of Appeal is **GRANTED.** The issue, as phrased by petitioner, is:

Whether the Superior Court panel erred in finding that the issue raised by [petitioner] on direct appeal was waived?

Petitioner claims that the Superior Court erred in upholding the trial court's decision that he was at fault for the absence of the correct notes of testimony in the record forwarded to the Superior Court on appeal, and in finding the issue he raised on the merits waived as a result. The trial court had determined that petitioner's counsel "failed to forward" the transcript of the hearing dated June 8, 2009, which was available beginning on July 29, 2009. Tr. Ct. Order, 6/14/10. The Superior Court affirmed.

■ The Rules of Appellate Procedure provide that, after filing a notice of appeal, an appellant is responsible for requesting "any transcript required" and making the necessary payment to the court reporter. Pa.R.A.P. 1911(a); Pa.R.J.A. 5000.5–5000.7. See *Commonwealth v. Williams,* 552 Pa. 451, 715 A.2d 1101, 1104 (1998) ("Rule 1911 requires appellants to order all transcripts necessary for their appeals."). Subsequently, the court reporter is required to transcribe her notes and lodge the transcript (with proof of service to the parties) with the clerk of the trial court. Pa.R.A.P. 1922(a). If the parties make no objections to the text of the transcript within five days after receiving notice, the transcript becomes part of

the record. *Id.* Then, the clerk of the lower court must transmit "the record on appeal, including the transcript and exhibits necessary for the determination of the appeal," to the Superior Court and mail a copy of the list of record documents to counsel of record. Pa.R.A.P. 1931(a)-(b), (d). These rules are intended to alleviate potential waiver problems in the process. Pa.R.A.P. 1931 cmt. Thus, under the Rules of Appellate Procedure, while the duty is on the appellant to initiate the action necessary to provide the appellate court with all the documents necessary to allow a complete and effective appellate review, once the appellant has discharged that duty, court personnel are charged with assembling and transmitting the official record to the appellate court. *Williams*, 715 A.2d at 1104.

This Court has held that where the appellant has caused the delay in transmitting a record to the Superior Court, which leads to an inability to conduct an effective appellate review, the appellant waives any issues on appeal; and in a criminal defense appeal that may lead to affirmance of the judgment of sentence. *Id.* at 1106. But, where "the failure to transmit the record was caused by an 'extraordinary breakdown in the judicial process,'" an appellant should not be denied merits review in the Superior Court. *Id.* Here, the Commonwealth does not challenge petitioner's averments that his counsel requested a full transcript of the revocation hearing or that he took subsequent unsuccessful steps to monitor the contents of the record. *Commonwealth v. Bongiorno*, 905 A.2d 998, 1001 (Pa.Super.2006) (counsel contacted clerk of court and was reassured transcript was part of record; this was reasonable step to ensure that record was adequate and defendant was entitled to ruling on merits). The Commonwealth also does not dispute that the court reporter lodged the transcript under an incorrect case number. Further, as the Superior Court observed, the record assembled by the clerk of court and transmitted to Superior Court contained the wrong transcript from a case with a number similar to that of petitioner. Petitioner moved to supplement the record but his motion was denied by the Superior Court.

Under these circumstances, we agree with petitioner that the absence of the correct transcript from the certified record on appeal is attributable to an "extraordinary breakdown in the judicial process," and not to his actions. *See Commonwealth v. Morgan,* 469 Pa. 35, 364 A.2d 891, 892 n. 2 (1976) (trial courts have "responsibility to supervise their personnel and to assure that those persons under their charge responsibly and expeditiously perform their assigned tasks"). The Superior Court should have permitted petitioner to supplement the record on appeal and should have decided this case on the merits. *Williams,* 715 A.2d at 1106.

Accordingly, the order of the Superior Court is **VACATED.** This matter is **REMANDED** to the Superior Court for further proceedings consistent with this order. Jurisdiction relinquished.