J-S31019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHARLES M. SMITH AND APRIL M. SMITH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| GEORGETTE L. COSTULAS AND CHRISTOPHER COSTULAS, | |
| Appellants | No. 1597 MDA 2014 |

Appeal from the Judgment entered on August 21, 2014,
in the Court of Common Pleas of Clinton County,
Civil Division, at No(s): 2012-01343

BEFORE:  BENDER, P.J.E., ALLEN, and WECHT, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MAY 27, 2015**

Georgette L. and Christopher Costulas, ("Appellants"), appeal from the trial court's judgment in favor of Charles M. and April M. Smith, ("the Smiths").  Finding waiver, we affirm the trial court's judgment in favor of the Smiths.

The trial court set forth the factual and procedural background relative to this action as follows:

This matter was initiated by [the Smiths'] complaint filed on November 15, 2012 alleging that [Appellants] placed material consisting of dirt, rocks, stumps and trees inside the boundary of a "paper alley" known as "Lexington Alley" and removed fill and knocked down/destroyed/removed trees from property owned by [the Smiths].  Various hearings on the issues raised in [the Smiths'] complaint were conducted before Senior Judge J.

Michael Williamson on the dates of July [30][1], 2013; September 17, 2013[2]; and October 22, 2013. In addition, the record would confirm that a view of the property was also conducted by Senior Judge J. Michael Williamson prior to the entry of the Court's Order on October 23, 2013[, which was docketed on October 24, 2013]. In that Order, the Court resolved all issues of credibility with respect to the placement of the aforementioned materials in favor of [the Smiths].

The Court de[clined] to award [the Smiths] attorney's fees finding that [Appellants'] actions were not so intentional and vexatious as to warrant an award of attorney's fees.

The Court further declined to establish a value for [the Smiths'] parcel but in the alternative, provided [Appellants] with an opportunity to remedy the injury they caused [the Smiths] by making repairs to the affected property which would require [Appellants] to repair the damages to [the Smiths'] property, remove all materials placed on Lexington Alley and restore Lexington Alley to a comparable condition prior to their trespass. The Court further directed [Appellants] that all remedial action must take place in accordance with government regulations including the Ordinances of Chapman Township and regulations of the Pennsylvania Department of Environmental Protection.

[Appellants] were provided a timeframe of sixty (60) days within which to complete the repairs to [the Smiths'] property and Lexington Alley and provided [the Smiths] with the opportunity to advise the Court if further proceedings were required.

_____

[1] While the trial court lists July 17, 2013 as the initial hearing date, the certified docket entries reflect that the initial hearing was conducted on July 30, 2013. *See* Clinton County Prothonotary Docket Entries, Case No. 2012-01343, at 1; *see also* The Smiths' Motion for Hearing/Trial, 5/14/13, at 1; Order, 5/15/13, at 1. Moreover, various subpoenas issued in this action list July 30, 2013 as the trial date. *See* Subpoenas to Attend and Testify, 6/27/13, at 1; 7/13/13, at 1; 7/8/13, at 1.

[2] On September 17, 2013, the trial court continued the hearing "[b]ased on the unavailability of [Appellants'] expert[.]" Order, 9/17/13, at 1. It is unclear what, if any, testimony or argument was conducted that day because the certified record does not contain a transcript of this hearing.

- 2 -

On or about January 6, 2014, this matter was transferred from Senior Judge J. Michael Williamson to the undersigned. The Court then received correspondence from the Clinton County Conservation District dated January 20, 2014, which resulted in this Court scheduling the matter for an on-the-record status hearing which took place on February 18, 2014[3]. At that time [the Smiths] advised that [Appellants] had not, in their opinion, properly repaired [the Smiths'] property and Lexington Alley and requested that the matter be scheduled for a hearing to determine what, if any, damages [Appellants] were liable for. This Court granted [the Smiths'] request and a further hearing was conducted on March 1[3], 2014. At the conclusion of the hearing the parties agreed that the Court was permitted to conduct its own view of the property without the parties or their counsel being present. That view was completed on March 18, 2014.

Trial Court Opinion and Order, 4/9/14, at 1-2 (unnumbered).

On April 9, 2014, the trial court found in favor of the Smiths and against Appellants, and awarded the Smiths $7,132.00 in damages. *Id.* at 6 (unnumbered).

Our review of the certified trial court record and of our own Superior Court docket yields the following additional details. On April 21, 2014,

---

[3] The certified docket reflects that Rebecca Dunlap of the Clinton County Soil Conservation District was subpoenaed "to testify on behalf of [the Smiths]" on February 18, 2014, and "to bring with [her] [a]ll documentation relative to earth disturbance at 13 Costulas Lane and Lexington Alley[.]" Subpoena to Attend and Testify, 2/7/14, at 1. The trial court indicated that the hearing "was attended by the parties and their respective counsel." Order, 2/18/14, at 1. It is unclear whether Ms. Dunlap was present, and what, if any, testimony was adduced from any witness that day as the certified record does not contain any transcript of this proceeding. The trial court specifically advised that "Rebecca Dunlap … remains under subpoena issued February 7, 2014, … and will be required to attend any future scheduled proceedings without additional subpoena." *Id.* at 2.

Appellants moved for post-trial relief. Appellants' post-trial motion averred that "[v]arious hearings in this matter were conducted in front of the now-Senior Judge J. Michael Williamson on July [30], 2013, September 17, 2013, and October 22, 2013." Appellants' Motion for Post-Trial Relief Pursuant to Pa.R.C.P. 227.1, 4/21/14, at 1. Appellants further averred that "additional evidence was presented in front of the Honorable Michael F. Salisbury on March 1[3], 2014." *Id.* Appellants specifically observed that the trial court entered its award of damages in favor of the Smiths "[f]ollowing the March 1[3], 2014 hearing." *Id.* Appellants' post-trial motion did not contain any exhibits. Appellants requested that the trial court "modify its Order of April 9, 2014 to find in favor of [Appellants] as [the Smiths] have failed to meet their burden of proof regarding damages." *Id*. Appellants acknowledge, "[w]hile Appellants did not specifically request a JNOV in this matter, the Motion for Post-Trial Relief filed on April 21, 2014, asking for the lower court to find that [the Smiths] failed to meet their burden of proof with respect to damages, essentially served the same purpose." Appellants' Brief at 15.

The trial court did not rule on Appellants' post-trial motion within 120 days. Accordingly, on August 21, 2014, the Smiths filed a praecipe for entry of judgment pursuant to Pa.R.C.P. 227.4(1)(b). On the same day, judgment was entered in favor of the Smiths. Judgment, 8/21/14, at 1. On September 22, 2014, Appellants filed their notice of appeal.

On September 25, 2014, the trial court specifically ordered Appellants "to file of record in the lower court and to serve on the trial judge and the

- 4 -

official court reporter, pursuant to Paragraph (b)(1) of Rule 1925, … [a] concise Statement of the Matters Complained Of …[and] [a] Statement identifying any transcript which may be necessary for Appellate purposes." Order, 9/25/14, at 1.  On October 1, 2014, Appellants filed their Pa.R.A.P. 1925(b) statement, but did not file any statement identifying any transcripts necessary for appellate purposes as ordered by the trial court.  ***See generally*** Appellants' Statement of Matters Complained of on Appeal Pursuant to Rule 1925(b), 10/1/14.

On October 8, 2014, the trial court issued an order, docketed on October 9, 2014, stating:

> [T]his Court having received and reviewed the Statement filed by Appellants pursuant to this Court's Order of September 25, 2014, and Appellant[s] not identifying any transcripts which may be necessary for Appellate purposes, **IT IS HEREBY ORDERED** [that] [t]he Office of Clinton County Prothonotary shall immediately prepare the file and forward said Court file to the Prothonotary of the Superior Court[, and] [t]he Official Court Reporter is directed not to prepare any transcripts in this matter.

Order, 10/9/14, at 1 (emphasis in original).

The certified record transmitted from the Clinton County Prothonotary to this Court does not contain a single transcript from any of the five (5) hearings conducted in this case.  Likewise, none of the pleadings, briefs, or memoranda filed by the parties contain a single exhibit of any kind.

A review of our Court's docket reveals that on October 14, 2014, we issued an order, which provided:

> The trial court record has been filed in this office in the above-captioned matter.
>
> **It is your responsibility to review the record inventory list and make sure that the certified record forwarded to this court contains those documents necessary to the issues raised on appeal; failure to do so may result in waiver. Pa.R.A.P. 1926, 1931(d);** *Bennyhoff v. Pappert,* **790 A.2d 313 (Pa. Super. 2001);** *Commonwealth v. Wint,* **730 A.2d 965 (Pa. Super. 1999).**
>
> Pursuant to Pa.R.A.P. 2185(a) briefs for the appellant must be filed on or before November 24, 2014.

Order, 10/14/14, at 1 (emphasis in original).

On November 26, 2014, Appellants filed an application to extend the time to file their appellate brief[4]. Appellants averred:

> 2. Through their Motion for the Production of Trial Transcripts, filed on October 10, 2014, Appellants requested the production of the transcript of the trial court proceeding that took place on **October 22, 2013,** which the trial court ordered be produced through an Order dated October 13, 2014.
>
> 3. Said transcript of the October 22, 2013 trial court hearing was produced by the court reporter on November 14, 2014.
>
> 4. Appellants' counsel has had possession of the relevant transcript for only six (6) days prior to the November 24, 2014 briefing deadline imposed by this Honorable Court.
>
> 5. Appellants respectfully request an additional sixty (60) days in which to file their appellate brief in this matter in order to allow for a full review of the transcript at issue.

Appellants' Motion to Extend Briefing Deadline, 11/26/14, at 1. Appellants'

motion does not reflect any efforts to produce the transcripts relative to the

---

[4] While Appellants' certificate of service is dated November 24, 2014, our docket reflects a November 26, 2014 date stamp/filing date.

July 30, 2013, September 17, 2013, February 18, 2014, or March 13, 2014 hearings. Our docket does not reflect any application by Appellants to supplement the certified record with the October 22, 2013 hearing transcript pursuant to Pa.R.A.P. 1926.

On December 1, 2014, by *per curiam* order, we granted Appellants' motion and ordered that Appellants' brief "shall be filed on or before January 23, 2015." Order, 12/1/14, at 1. Thereafter, Appellants filed their brief and reproduced record, with a certificate of service dated January 23, 2015. Our docket reflects a date stamp/filing date of January 29, 2015.

On February 4, 2015, the Smiths filed an application for additional time to file their responsive appellate brief. The Smiths averred in pertinent part:

> 5. Appellants did not, at any time, serve and file a designation of the record as required by Rule 2154(a) of the Pennsylvania Rules of Appellate Procedure. Accordingly, until [the Smiths] received service of Appellants' Reproduced Record on January 27, 2015, [the Smiths] were unaware of the portions of the record upon which Appellants intended to rely and were not provided with an opportunity to provide a counter-designation of the record as contemplated in Rule 2154(a).
>
> 6. [The Smiths] respectfully submit that, had such designation been served, [the Smiths] would have provided a counter-designation including other portions of the record which are necessary to this appeal. Specifically, **while five separate hearings were held in this action before the Court of Common Pleas, the Reproduced Record includes a transcript of only one such hearing.**
>
> ***
>
> 9. [] Upon learning that the additional transcripts were not included in the Reproduced Record, on January 27, 2015, [the

- 7 -

Smiths] immediately requested their production. Nevertheless, the additional transcripts will not likely be available before Monday, February 9, 2015.

The Smiths' Motion to Extend Briefing Deadline, 2/4/15, at 2-3 (emphasis added). The Smiths' motion further averred that they had "conferred with counsel for the Appellants[.]" *Id.* at 4. Despite the foregoing deficiency in the certified record of which they were made aware, Appellants never sought to supplement it pursuant to Pa.R.A.P. 1926.

On appeal, Appellants present two issues:

A. Whether the trial court committed an error of law/abuse of discretion in awarding damages to [the Smiths] despite [the Smiths'] **failing to meet their burden of proof relative to establishing the value of the real estate in question**, as required by *Slappo v. J's Development Associates, Inc.*, 791 A.2d 409 (Pa. Super. 2002)?

B. Whether the trial court committed an error of law/abuse of discretion **in failing to credit the testimony of [Appellants'] expert real estate appraiser, despite the absence of any expert testimony to the contrary in light of the overwhelming evidence** supporting said expert's valuation of the real estate property at issue?

Appellants' Brief at 6 (emphasis added).

Appellants' first issue challenges the sufficiency of the evidence adduced by the Smiths in support of the judgment entered in their favor following the non-jury trial below. Appellants' second issue assails the trial court's credibility determinations concerning Appellants' expert. As noted above, Appellants' post-trial motion moved for JNOV, and the trial court's failure to rule on the motion within 120 days effectively denied relief. ***See***

*Morningstar v. Hoban,* 819 A.2d 1191, 1195 (Pa. Super. 2003) (post-trial motions are "denied by the operation of law at the expiration of the 120-day period" following their filing pursuant to Pa.R.C.P. 227.4). We have explained our standards of review as follows:

Our review in a non-jury case such as this is

limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

*Hart v. Arnold,* 884 A.2d 316, 330–331 (Pa. Super. 2005), *appeal denied*, 587 Pa. 695, 897 A.2d 458 (2006) (citations omitted). "The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence." *Id.* (citations omitted). "Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the lower court." *Tagliati v. Nationwide Insurance Co.,* 720 A.2d 1051, 1053 (Pa. Super. 1998), *appeal denied,* 559 Pa. 706, 740 A.2d 234 (1999). "With regard to such matters, our scope of review is plenary as it is with any review of questions of law." *Id.*

We also must decide whether the trial court properly denied Appellant's post-trial motions. "Our standard of review [of an order] denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion." *Angelo v. Diamontoni,* 871 A.2d 1276, 1279 (Pa.

Super. 2005), *appeal denied,* 585 Pa. 694, 889 A.2d 87 (2005)
(citation omitted). Similarly, Appellant sought post-trial relief in
the nature of a motion for JNOV, which requires us to "consider
all of the evidence admitted to decide if there was sufficient
competent evidence to sustain the verdict." *Wilson v. Transport
Ins. Co.,* 889 A.2d 563, 569 (Pa. Super. 2005). If there is any
basis upon which the trial court could have properly made its
award, we must affirm its subsequent denial of the motion for
JNOV. *Id.* "A JNOV should be entered only in a clear case." *Id.*

**Christian v. Yanoviak,** 945 A.2d 220, 224-225 (Pa. Super. 2008).

Accordingly, to review Appellants' issues, we must carefully scrutinize the testimony and evidence presented in the underlying proceedings before the trial court. Indeed, our Supreme Court has expressed that "[t]o ensure a defendant's right to meaningful appellate review, this court 'require[s] that he or she be furnished a full transcript or other equivalent picture of the trial proceedings.'" **Commonwealth v. Albrecht,** 720 A.2d 693, 701 (Pa. 1998) (internal citation omitted).

Here, notes of testimony as well as other important materials are missing from the certified record. In summarizing their argument, Appellants contend:

> [The Smiths] presented various astronomical estimates for
> the repair of the land in question, including estimates in excess
> of $20,000.00, and finally, [the Smiths'] own estimate of
> $7,132.00 for his own company to repair the damage.
> Appellants employed the services of an expert, certified real
> estate appraiser, Dennis Greenaway, who opined a value of
> $2,600.00 for the property in question, considering [the Smiths']
> purchase price of the land of $2,500.00 in 2008, and that the
> highest and best use of the property would be as a vacant lot.
> In contrast, … Charles Smith, provided his own valuation of
> $20,000.00 for the property, based upon no cognizable,

objective basis. The trial court, in its Order of October 24, 2013, discredited all testimony regarding the value of the property.

Appellants' Brief at 9. The certified record is devoid of any of the foregoing estimates and appraisals, and therefore we cannot review them. Appellants' failure to include within the certified record a full complement of the transcripts from the multiple days of hearings conducted before the trial court effectuates waiver.

We have determined:

> The fundamental tool for appellate review is the official record of the events that occurred in the trial court. *Commonwealth v. Williams,* 552 Pa. 451, 715 A.2d 1101, 1103 (1998). To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. *Id.* The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. *Commonwealth v. Bracalielly,* 540 Pa. 460, 658 A.2d 755, 763 (1995); *Commonwealth v. Baker,* 531 Pa. 541, 614 A.2d 663, 672 (1992); *Commonwealth v. Quinlan,* 488 Pa. 255, 412 A.2d 494, 496 (1980); *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974). Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. *Commonwealth v. Walker,* 878 A.2d 887, 888 (Pa. Super. 2005). In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record. *Commonwealth v. Kennedy,* 868 A.2d 582, 593 (Pa. Super. 2005); *Lundy v. Manchel,* 865 A.2d 850, 855 (Pa. Super. 2004). The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record.

Simply put, if a document is not in the certified record, the Superior Court may not consider it. *Walker,* 878 A.2d at 888.

This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. *Commonwealth v. O'Black,* 897 A.2d 1234, 1240 (2006). This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

The certified record consists of the "original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court." Pa.R.A.P. 1921. Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. *Commonwealth v. Kleinicke,* 895 A.2d 562, 575 (Pa. Super. 2006) (*en banc*). To facilitate an appellant's ability to comply with this requirement, our Supreme Court adopted the following procedural rule effective as of June 1, 2004:

> The clerk of the lower court shall, at the time of the transmittal of the record to the appellate court, mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties at the address they have provided to the clerk. The clerk shall note on the docket the giving of such notice.

Pa.R.A.P. 1931(d). As the explanatory comment to Rule 1931 indicates, if counsel (or a party) discovers that anything material has been omitted from the certified record, the omission can be corrected pursuant to the provisions of Rule of Appellate Procedure 1926. Under Rule 1926, an appellate court may direct that an omission or misstatement shall be corrected through the filing of a supplemental certified record. However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts. Pa.R.A.P. 1931.

In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort

and manpower scouting around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts, exhibits, letters, writs or PCRA petitions that well may have been presented to the trial court but never were formally introduced and made part of the certified record. *Commonwealth v. Blystone,* 421 Pa.Super. 167, 617 A.2d 778, 783 n. 4 (1992). If, however, a copy of a document has been placed into the reproduced record, or if notes of testimony are cited specifically by the parties or are listed in the record inventory certified to this Court, then we have reason to believe that such evidence exists. *O'Black,* 897 A.2d at 1238. In this type of situation, we might well make an informal inquiry to see if there was an error in transmitting the certified record to this Court. *Id.* We might also formally remand the matter to the trial court to ascertain whether notes of testimony or other documentation can be located and transmitted. *Id.* If a remand is necessary, it is appropriate to direct the trial court to determine why the necessary documentation was omitted from the certified record. *Williams,* 715 A.2d at 1107. An appellant should not be denied appellate review if the failure to transmit the entire record was caused by an "extraordinary breakdown in the judicial process." *Id.* at 1106. However, if the appellant caused a delay or other problems in transmitting the certified record, then he or she is not entitled to relief and the judgment of the court below should be affirmed. *Id.* *See Commonwealth v. Barge,* 560 Pa. 179, 743 A.2d 429, 429–30 (1999) (holding that if documents are missing from the certified record because of a default by court personnel, an appellant is entitled to have his claims resolved on the merits, but if the absence of the evidence is attributable to the appellant's failure to comply with the relevant procedural rules, the claims will be deemed to have been waived).

**Commonwealth v. Preston,** 904 A.2d 1, 6-8 (Pa. Super. 2006) (*en banc*);

**see also Commonwealth v. Spotti,** 94 A.3d 367, 381-382 (Pa. Super. 2014) (internal citation omitted) ("We are unable to conduct a meaningful review of [a]ppellant's challenge because [the crime victim's] medical records are not a part of the certified record. We may not review that which an appellant, despite bearing the burden to so include, has failed to

remit within the certified record."); ***Commonwealth v. Gonzalez,*** 109 A.3d 711, 725 (Pa. Super. 2015) (waiver found where appellant failed to ensure that the certified record was complete, and our review was "thwart[ed]" by appellant's failure to include the audiotape or "even a transcript" of a party's statement); ***Richner v. McCance***, 13 A.3d 950, 957 n.2 (Pa. Super. 2011) (internal citation omitted) ("References in appellate briefs to missing documents do not remedy their lack of inclusion in the certified record."); ***compare Commonwealth v. Almodorar,*** 20 A.3d 466, 467 (Pa. 2011) (appeal remanded for supplementation of the record where appellant requested inclusion of correct transcript and took steps to monitor such inclusion but an incorrect transcript from unrelated petitioner's hearing was included in record by the clerk of courts and "the absence of the correct transcript from the certified record on appeal is attributable to an 'extraordinary breakdown in the judicial process,' and not to [appellant's] actions").

While Pa.R.A.P. 1926 permits remand for correction or modification of the record, remand is not warranted in this instance where the trial court specifically ordered Appellants to file a statement of the transcripts which would be needed for appellate review. Appellants did not comply with this directive and did not list a single transcript to be produced. As a result, the trial court then ordered the official court reporter not to produce any transcripts for inclusion in the certified record. While Appellants sought to produce the October 22, 2013 transcript upon motion to the trial court,

Appellants did not ensure that the certified record contained even that limited production from the October 22, 2013 hearing. Appellants made no efforts to produce any of the transcripts from the July 30, 2013, September 17, 2013, February 18, 2014, or March 13, 2014 hearings. The inclusion of the October 22, 2013 transcript within Appellants' reproduced record, and the inclusion of the transcripts of the July 30, 2013 and March 13, 2014 proceedings within the Smiths' supplemental reproduced record, does not cure the deficiency within the certified record before us because materials within reproduced records are *de hors* the record, and we are precluded from considering them. **Ruspi v. Glatz,** 69 A.3d 680, 690-691 (Pa. Super. 2013) (internal citations omitted). Hence, the certified record before us is deficient and precludes our meaningful review of the issues raised by Appellants regarding the sufficiency of the evidence adduced by the Smiths in support of their judgment, and the trial court's alleged disregard of Appellants' expert's testimony. Accordingly, Appellants' issues are waived.

We note that we are not confronted with a scenario where "the failure to transmit the entire record was caused by an 'extraordinary breakdown in the judicial process.'" **Preston,** 904 A.2d at 8 (internal citation omitted). Nor is this a case where the issue to be examined concerns one single hearing. **Compare Parr v. Ford Motor Co.,** 109 A.3d 682, 695 n.10 (Pa. Super. 2014) (*en banc*) (we were "compelled to seek supplementation of the record through our Prothonotary," where appellants "initially failed to include any notes of testimony in the record certified to us on appeal" and we were

"hamper[ed in] our ability to address" appellants' challenge to the trial court's denial of a motion *in limine*). Rather, Appellants "caused a delay or other problems in transmitting the certified record" such that they are "not entitled to relief and the judgment of the court below should be affirmed." ***Preston***, ***supra***.

In sum, finding waiver of Appellants' issues, we affirm the trial court's judgment in favor of the Smiths.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015