J-S66020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLE LYNN SHARP | |
| Appellant | No. 184 WDA 2015 |

Appeal from the Judgment of Sentence entered December 11, 2014
In the Court of Common Pleas of Venango County
Criminal Division at No: CP-61-CR-0000286-2013

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 21, 2016**

Appellant, Nichole Lynn Sharp, appeals from the judgment of sentence the Court of Common Pleas entered December 11, 2014.  On appeal, Appellant challenges the sufficiency of the evidence supporting her conviction of theft.  For the reasons stated below, we affirm.

The factual background of the case can be summarized as follows. Appellant received emails from a certain "George McLain" soliciting her to take money orders to a bank and cash them on his behalf.  After cashing the money orders, Appellant would have to send a portion of the proceeds to an overseas charity via a Western Union payment.  For her services, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

would keep the remaining portion of the funds cashed. Appellant

"responded to this scam." Appellant's Brief at 4.

> She received the money order[s] made out to her in the mail. Her [then-]boyfriend[, Adam Cochran], called around to local banks to find one that would be willing to cash the money orders. [Appellant] went to Farmers National Bank. She presented the identification and cashed the money orders. . . . After receiving the funds from the bank, [Appellant], after discussion with her boyfriend, contacted [McLain] and indicated that she considered the situation to be one of need and she was going to keep all the funds.

*Id.* at 4-5.[1]

In the meantime, the bank reported to the Pennsylvania State Police

that a white female with a male, later identified as the instant Appellant and

Cochran, went to the Farmers National Bank branch in Cranberry Township,

---

[1] We note with displeasure the Commonwealth did not file its brief nor did it notify this Court that it did not intend to do so.

> We are therefore constrained to remind the Commonwealth that an appellee is required to file a brief that at minimum must contain "a summary of argument and the complete argument for the appellee." *Commonwealth v. Pappas*, 845 A.2d 829, 835 (Pa. Super. 2004) (*citing* Pa.R.A.P. 2112), *appeal denied,* 580 Pa. 712, 862 A.2d 1254 (2004). We therefore find the Commonwealth's failure to file a brief unacceptable. As such, we must accept as undisputed the statement of questions involved and the statement of the case as presented by appellant, and we look to the opinion of the trial court and the record to determine the validity of appellant's claims. *Id.*, 845 A.2d at 835 (citations omitted).

*Commonwealth v Atanasio*, 997 A.2d 1181, 1182 n.6 (Pa. Super. 2010).

- 2 -

Venango County, and passed two counterfeit U.S. Postal Service money orders totaling $1,965.00.

Following a non-jury trial, Appellant was found guilty of theft by unlawful taking.[2] As a result, the court sentenced her, *inter alia*, to a term of probation of 24 months. Appellant timely filed a post-sentence motion challenging the sufficiency of the evidence, which the trial court denied. This appeal followed.

In her statement of questions involved on appeal, Appellant raises a sufficiency of the evidence claim.[3] In her subsequent analysis, however, Appellant does not challenge the sufficiency of the evidence, but rather the

_____

[2] The Crimes Code defines theft by unlawful taking as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a).

[3] The issue is stated as follows:

> Whether the trial court erred in denying Appellant's post sentence motion for judgment acquittal due to insufficient evidence to convict[.]

Appellant's Brief at 3.

While Appellant does not specifically state so, it appears her challenge is limited to sufficiency of the evidence in connection with the intent element of the crime. Appellant argues she could not be convicted of theft because the Commonwealth failed to prove she intended to deprive the bank of its money. To this end, Appellant argues she did not know the money orders were counterfeit and contends the trial court abused its discretion in not believing her.

weight of the evidence.  Indeed, Appellant essentially argues the trial court abused its discretion by not believing her version of the facts, and/or by not viewing her testimony in the light most favorable to her.  **See** Appellant's Brief at 9-10.  The claim, however framed, is without merit.[4]

If it is a true challenge to the sufficiency of the evidence, as Appellant would argue, then the challenge fails because our standard of review on a sufficiency claim prevents us from making credibility determinations, reweighing the evidence, and/or reweighing the evidence in favor of the

_____

[4] We also note Appellant failed to comply with Pa.R.A.P. 2111 (relating to appellant's brief), which, in relevant part, requires appellant to include "a copy of the statement of errors complained of on appeal . . . ."  Appellant provided no copy of the statement.  Nonetheless, the text of the concise statement is reproduced in the trial court opinion.  The trial court construed Appellant's statement as a challenge to the sufficiency of the evidence regarding the mens rea of the crime.  Simply because the concise statement is otherwise available does not excuse failing to comply with the rule.

Even more concerning here is that the concise statement is not included in the appellate record.  For our purposes, therefore, the concise statement does not exist.  As a result, we cannot determine whether Appellant properly preserved her claim on appeal.  The absence of the concise statement from the record not only may constitute a violation of a specific duty, **see Commonwealth v. Bongiorno**, 905 A.2d 998, 1000-01 (Pa. Super. 2005) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty"), but it may also result in waiver.  **See Commonwealth v. Almodorar**, 20 A.3d 466, 467 (Pa. 2011) ("This Court has held that where the appellant has caused the delay in transmitting a record to the Superior Court, which leads to an inability to conduct an effective appellate review, the appellant waives any issues on appeal; and in a criminal defense appeal that may lead to affirmance of the judgment of sentence") (citation omitted).

party who lost below. *See*, *e.g.*, *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).[5]

If it is a challenge to the weight of the evidence, assuming it is not waived,[6] Appellant, once again, fails to appreciate we do not make credibility determinations and we do not reweigh the evidence. Finally, on appeal, we merely ascertain whether the trial court abused its discretion in denying an appellant's weight of the evidence challenge, not whether the verdict is against the weight of the evidence. Here, we detect no abuse of discretion in the trial court's decision. Thus, the challenge fails also as a weight of the evidence claim.

_____

[5] We review in light of the following standard:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Widmer*, *supra* (internal citations omitted). *See also Commonwealth v. Feathers*, 660 A.2d 90, 94-95 (Pa. Super 1995).

[6] A review of the record shows Appellant failed to raise a weight of the evidence challenge pursuant to Pa.R.Crim.P. 607(A).

Finally, Appellant cites **Commonwealth v. Graham**, 596 A.2d 1117 (Pa. 1991), for the proposition that the "Commonwealth cannot sustain its burden of proof merely because the factfinder did not believe the appellant." Appellant's Brief at 9. Even if we were to agree with Appellant that **Graham** is controlling or even relevant,[7] Appellant's argument assumes that the Commonwealth introduced no evidence, whether direct or circumstantial, showing her intent to commit theft. The record, however, belies Appellant's argument. Appellant testified she thought getting paid for cashing money orders seemed legitimate even though she admitted she has never made money for doing something so simple, Trial Court Opinion, 3/27/15, at 10, and admitted the work she was doing was not normal work. **Id.** at 9. Appellant could not state what amount of money she was to receive as payment and what was to be forwarded to an overseas charity, which in the trial court's opinion indicated Appellant knew the money orders were counterfeit when presented to the bank. **Id.** at 12. This was corroborated by Appellant's testimony wherein she admitted that, in a conversation with her male friend, he questioned whether some guy was dumb enough to send money and really think she was going to send the money back. **Id.** at 9. After summarizing the evidence offered at trial, **see** Trial Court Opinion,

_____

[7] As properly noted by the trial court, reliance on **Graham** is misplaced because the instant matter is distinguishable from **Graham**. **See** Trial Court Opinion, 3/27/15, at 4-5.

3/27/15, at 5-10, the trial court concluded, "Here, the evidence introduced at trial [—(A]ppellant's conduct, the emails in Exhibit 1, and Trooper Swartfager's observations of [A]ppellant[—] made it abundantly clear that it was [A]ppellant's intent to withhold the property of another permanently and use it for her own purposes." *Id.* at 11. Specifically, the court noted that "[A]ppellant's possession of two . . . money orders from [] McLain, which she made payable to herself, which she cashed and then spent the money on her children, was compelling evidence of the criminal intent to deprive." *Id.* at 12. We agree. The circumstances surrounding Appellant's receipt of money orders for questionable work adequately support a finding the Appellant knew the money orders were a scam. Her behavior subsequent to cashing the money orders corroborated her intent to unlawfully deprive the bank of its money. Applying the proper standard of review, we find the record supports the trial court's analysis and conclusions. Accordingly, we conclude the trial court did not err in denying Appellant's post-sentence motion challenging the sufficiency and/or the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016