J-S25021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GINA MARIE OLSHAN | : | |
| | : | |
| Appellant | : | No. 2005 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 10, 2018
In the Court of Common Pleas of Susquehanna County Criminal Division
at No(s):  CP-58-CR-0000366-2016

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:          **FILED: MAY 24, 2019**

Gina Marie Olshan (Appellant) appeals from the judgment of sentence imposed after she pled guilty to aggravated assault, simple assault, and resisting arrest.[1]  Upon review, we affirm.

On October 17, 2016, two Pennsylvania State Troopers and three Susquehanna County Probation Officers responded to a residence in Susquehanna County to serve Appellant with a bench warrant.  After being handcuffed and placed inside a probation transport vehicle, Appellant became combative and began kicking the rear passenger-side window of the vehicle. Appellant was warned she would be placed in leg restraints if her kicking did not cease, but nevertheless continued.  As a result, probation officers Nick Conigliaro and Allen Smith removed Appellant from the vehicle.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1), and 5104.

While being removed from the vehicle, Appellant kicked Officer Smith in the right leg. After being placed in leg restraints, Appellant began to spit at Officer James Gulbin. In an attempt to prevent further spitting, Officer Conigliaro placed his left hand over Appellant's mouth. In response, Appellant bit Officer Conigliaro's left pinky finger. Appellant was eventually placed back inside the vehicle and transported to the Susquehanna County Jail.

As a result of Appellant's actions on October 17, 2016, the Commonwealth filed a criminal complaint on November 2, 2016. After multiple continuances, Appellant appeared before the trial court on August 23, 2018 and pled guilty to the above crimes.

On October 10, 2018, the trial court sentenced Appellant to a total of 4 to 10 years of incarceration. Appellant filed a timely post-sentence motion, which the trial court denied on November 21, 2018. Appellant filed this timely appeal on December 6, 2018, and a concise statement of errors complained of on appeal on January 2, 2019. The trial court filed its opinion in compliance with Pennsylvania Rule of Appellate Procedure 1925 on January 14, 2019.

Appellant presents two issues for our review:

A. WHETHER THE SENTENCING JUDGE ERRED IN SENTENCING APPELLANT TO BOTH AGGRAVATED ASSAULT AND SIMPLE [ASSAULT] WHEN THE COUNTS OF SIMPLE ASSAULT AND AGGRAVATED ASSAULT SHOULD HAVE MERGED FOR [SENTENCING] PURPOSES.

B. WHETHER THE S[EN]TENCING JUDGE ERRED IN FAILING TO ALLOW APPELLANT CREDIT FOR TIME SERVED PRIOR TO THE DATE OF SENTENCING.

Appellant's Brief at 6 (emphasis omitted).

In her first issue, Appellant claims that the trial court erred in failing to merge her simple assault and aggravated assault convictions. Appellant argues that because "all of the statutory elements of simple assault are included in aggravated assault[,]" the convictions were required to merge because, as set forth in the information filed by the Commonwealth, both arose from the same criminal act: the kicking of Officer Smith's leg. Appellant's Brief at 16, 17-19.

In response, the Commonwealth argues against merger, stating that the facts "do not support merger of [Appellant's] sentences" because "there were two victims of her criminal conduct," and "each act of assault was a separate act as it related to each victim; one victim was kicked and one victim was bitten." Commonwealth Brief at 2.

The trial court agrees, stating it did not merge the convictions for sentencing purposes "because there were two separate victims." Trial Court Opinion, 1/14/19, at 3. "More specifically, [Appellant] was sentenced to Simple Assault as a result of the injuries caused to Susquehanna County Probation Officer Allen Smith and [Appellant] was sentenced to Aggravated Assault as a result of [Appellant] biting Susquehanna County Probation Officer Nick Con[i]gliaro." *Id.* at 3-4.

Upon review, we are unable to reach the merits of Appellant's merger claim because she has neglected to ensure that the notes of testimony from

her guilty plea hearing appear in the certified record. We are thus constrained to find waiver. This Court has explained:

> The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue.
>
> *       *       *
>
> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

***Commonwealth v. Preston***, 904 A.2d 1, 6-7 (Pa. Super. 2006) (*en banc*) (citations omitted).

"The Rules of Appellate Procedure provide that, after filing a notice of appeal, an appellant is responsible for requesting 'any transcript required' and making the necessary payment to the court reporter." ***Commonwealth v. Almodorar***, 20 A.3d 466, 467 (Pa. 2011) (citing Pa.R.A.P. 1911(a)) (some citations omitted). "When the appellant . . . fails to conform to the

requirements of Rule 1911,[2] any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." **Preston**, 904 A.2d at 7 (citing **Commonwealth v. Williams**, 715 A.2d 1101, 1105 (Pa. 1998)).[3] "It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." **Id.**

"While the duty is on the appellant to initiate the action necessary to provide the appellate court with all the documents necessary to allow a complete and effective appellate review, once the appellant has discharged that duty, court personnel are charged with assembling and transmitting the official record to the appellate court." **Almodorar**, 20 A.3d at 467 (citing **Williams**, 715 A.2d at 1104). As such, "[a]n appellant should not be denied appellate review if the failure to transmit the entire record was caused by an

---

[2] Rule 1911(a) reads: "The appellant shall request any transcript under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration." Pa.R.A.P. 1911(a).

[3] "Of course, if a party is indigent, and is entitled to taxpayer-provided transcripts or portions of the record, [she] will not be assessed costs." **Commonwealth v. Lesko**, 15 A.3d 345, 411 (Pa. 2011). "But, that does not absolve the appellant and [her] lawyer of [her] obligation to identify and order that which [she] deems necessary to prosecute [her] appeal. The plain terms of the Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record." **Id.** (citing cases).

'extraordinary breakdown in the judicial process.'" ***Williams***, 715 A.2d at 1106.

However, "[i]n the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouting around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts[.]" ***Preston***, 904 A.2d at 7-8 (citation omitted).[4]

Our review of the certified record reveals that on December 6, 2018, Appellant filed her notice of appeal with the trial court. Appellant's Notice of Appeal, 12/6/18. Attached to Appellant's notice of appeal is a "Request for Transcript Pursuant to Pa. R.A.P. 1911," which reads: "A notice of appeal having been filed in this matter, the official court reporter is hereby requested to produce, certify and file the transcript in this matter in conformity with Rule 1933 of the Pennsylvania Rules of Appellate Procedure." Appellant's Request for Transcripts, 12/6/18. Also attached is a completed Administrative Office of Pennsylvania Courts "Request for Transcript or Copy" form.

From reviewing the Request for Transcript or Copy Form, it is clear that Appellant's counsel ordered the transcript of Appellant's **sentencing**

---

[4] ***See also Lesko***, 15 A.3d at 411 (citation omitted) ("[Appellant] cannot fault the trial court for [her] own failures. Instead, it is only when an appellant can show that a request was made and erroneously denied . . . that such a claim would have merit. And that sort of claim ripens, and should be pursued upon, the very appeal that supposedly was impeded by a missing portion of the record[.]").

proceeding that occurred on October 10, 2018. Appellant's Request for Transcript or Copy Form, at 1. Accordingly, the transcript from Appellant's October 10, 2018 sentencing appears in the certified record. N.T., 10/10/18, at 1-21.

However, there exists no evidence of a request for the transcript of Appellant's August 23, 2018 **guilty plea** hearing within the Request for Transcript or Copy Form. Appellant's Request for Transcript or Copy Form, at 1-3. Nor is there any other evidence within the certified record indicating that Appellant ordered, or attempted to order, her guilty plea transcript. Also, neither the trial court in its opinion, nor either party in their briefs, cites to the guilty plea transcript, leading us to believe that the transcript was not ordered.

Thus, in reviewing Appellant's merger claim, we are unable to discern the factual basis established prior to Appellant pleading guilty to simple assault and aggravated assault at the August 23, 2018 hearing.[5] While the criminal information filed by the Commonwealth references the kicking of Officer Smith in both the simple assault and aggravated assault counts, the aggravated assault count also includes the biting of Officer Conigliaro. **See** Criminal Information, 12/1/16, at 1. Appellant references the information and argues that it proves a single criminal act was used as the basis for both convictions,

_____

[5] "Before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea." **Commonwealth v. Stenhouse**, 788 A.2d 383, 384 (Pa. Super. 2001) (citation omitted). "A factual basis for the plea is universally required." **Id.** (citation omitted).

and they therefore merge for sentencing purposes.  Appellant's Brief at 17-19.  However, both the Commonwealth and the trial court counter that the basis for Appellant's simple assault conviction was the act of kicking Officer Smith, and the basis for her aggravated assault conviction was the biting of Officer Conigliaro.  Commonwealth Brief at 2; Trial Court Opinion, 1/14/19, at 3-4.

In light of the foregoing, we find Appellant's first issue to be waived because there is no transcript of the August 23, 2018 guilty plea hearing in the certified record to facilitate appellate review.  The record indicates that Appellant did not request the transcript of her guilty plea, and there is no evidence that the absence of the transcript was caused by any breakdown in the judicial process. Without the transcript of Appellant's guilty plea, we are unable to discern whether or not both convictions arose from a single criminal act.[6]  Appellant's first issue is waived.

In her second issue, Appellant alleges that the trial court erred in failing to grant her credit for the time-period she spent undergoing in-patient rehabilitation treatment prior to sentencing.  Appellant specifically states that her "participation in inpatient drug treatment should be viewed as a condition of bail and credit for time served should be awarded."  Appellant's Brief at 24.

---

[6] "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense."  42 Pa.C.S.A. § 9765.

- 8 -

Upon review, Appellant's second issue is also waived – in this instance because Appellant failed to comply with Pennsylvania Rule of Appellate Procedure 1925(b). "If the judge entering the order giving rise to the notice of appeal desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b) (parentheticals omitted). Any issues not raised in a Rule 1925(b) concise statement will be deemed waived. *See* Pa.R.A.P. 1925(b)(4)(vii).

Further:

Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998)] that must be applied here: In order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (citation and footnote omitted).

- 9 -

On December 12, 2018, the trial court filed a Rule 1925(b) order requiring Appellant to file a concise statement within 21 days.[7]  Order, 12/12/18.  Appellant filed a concise statement on January 2, 2019, solely raising the merger claim discussed above.  Appellant's Concise Statement, 1/2/19, at unnumbered 3.  Appellant's concise statement was silent as to the time credit claim subsequently raised by Appellant in her brief filed with this Court.  **Id.** at unnumbered 1-4; Appellant's Brief at 21-24.  Pursuant to Rule 1925(b)(4)(vii), Appellant's second issue compels waiver.  **Id.**  ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) **are** waived.") (emphasis added).

In sum, both of Appellant's issues are waived, and we therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2019

---

[7] In its order, the trial court specifically noted that it was "uncertain as to the basis of the appeal to the Superior Court[.]"  Order, 12/12/18, at unnumbered 1.