J-S40007-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY REYNOLDO GARCIA, | |
| Appellant | No. 1522 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 7, 2018
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000703-2017

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY REYNOLDO GARCIA, | |
| Appellant | No. 1523 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 7, 2018
In the Court of Common Pleas of Venango County
Criminal Division at No(s):  CP-61-CR-0000651-2017

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          FILED SEPTEMBER 24, 2019

Appellant, Jeffrey Reynoldo Garcia, appeals from the judgment of

sentence of an aggregate term of 4½ to 15 years' incarceration, imposed after

_____

[*] Retired Senior Judge assigned to the Superior Court.

he pled guilty in two separate cases[1] to possessing an instrument of crime (PIC), 18 Pa.C.S. § 907(a); providing false identification to law enforcement, 35 Pa.C.S. § 4914(a); forgery, 18 Pa.C.S. § 4104(a)(2); and identity theft, 18 Pa.C.S. § 4120(a). On appeal, Appellant challenges the trial court's calculation of his prior record score (PRS) in fashioning his sentence. After careful review, we affirm.

The facts of Appellant's underlying offenses are not pertinent to the issue he raises on appeal. On May 17, 2018, Appellant pled guilty to the above-stated offenses. After a pre-sentence investigation (PSI) report was prepared, the court calculated Appellant's PRS as being a seven. That PRS included four points for a 1st degree felony robbery that Appellant had committed as a juvenile in New York. On August 7, 2018, the court sentenced Appellant in the present case to the aggregate term set forth above. Appellant filed a timely post-sentence motion, which was denied on September 27, 2018.[2]

_____

[1] This Court sua sponte consolidated Appellant's appeals in his two cases by order entered November 15, 2018.

[2] Despite that Appellant filed a post-sentence motion in both of his two cases, the court's order denying the motion was only docketed and included in the certified record of the case docketed at CP-61-CR-0000703-2017 ("703-2017").

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement.[3] The court subsequently filed a Rule 1925(a) opinion. Herein, Appellant states one issue for our review: "Did the … trial court err in calculating [Appellant's PRS,] thereby resulting in a sentence outside the range of the standard guidelines?" Appellant's Brief at 5.

We begin by recognizing that Appellant's claim constitutes a challenge to the discretionary aspects of his sentence. See Commonwealth v. Spenny, 128 A.3d 234, 241 (Pa. Super. 2015) (citation omitted).

> [S]uch challenges are not subject to our review as a matter of right. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a statement pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) statement") in his brief on appeal, and (4) raising a substantial question for our review. Commonwealth v. Tejada, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted).

Id.

Here, Appellant preserved his PRS issue before the trial court in a post-sentence motion, he filed a timely notice of appeal, and he includes a Rule 2119(f) statement in his brief. Additionally, his issue constitutes a substantial

_____

[3] Appellant only filed a Rule 1925(b) statement in the case docketed at CP-61-CR-0000651-2017 ("651-2017"), in which he pled guilty to PIC and providing false identification to law enforcement. In the case at 703-2017, the court issued a Rule 1925(a) opinion concluding that Appellant had waived his issues by not filing a Rule 1925(b) statement. See Trial Court Opinion in 703-2017, 1/29/19, at 1. Thus, we only review Appellant's challenge to the calculation of his PRS in regard to the sentence imposed in 651-2017.

question for our review. See id. (citation omitted); see also Commonwealth v. Provenzano, 50 A.3d 148, 154 (Pa. Super. 2012) (citing Commonwealth v. Janda, 14 A.3d 147, 165 (Pa. Super. 2011)). Thus, we will address his sentencing claim herein, applying the following standard of review:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

Provenzano, 50 A.3d at 154 (quoting Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007) (citations and quotation marks omitted)).

Appellant contends that the trial court erred by factoring his New York robbery offense into the calculation of his PRS. He explains that he was adjudicated and sentenced for that crime as a 'youthful offender,' which does not constitute a conviction under New York law. See N.Y. Crim. Pro. § 720.35(1) ("A youthful offender adjudication is not a judgment of conviction for a crime or any other offense...."). Appellant concedes that "Pennsylvania law allows for juvenile adjudications to be counted toward the [PRS]...." Appellant's Brief at 14. He insists, however, that "the New York law applicable to [y]outhful [o]ffenders is not equivalent nor is it similar to a Pennsylvania

juvenile adjudication." Id. In support, Appellant claims only that, "[a]s a youthful offender, [he] is not deemed to have been convicted of the charge[,]" and that "Pennsylvania law differs." Id. (citing N.Y. Crim.P. 720.35(1)).

Appellant's argument is unconvincing. "It is axiomatic that adjudications of juvenile delinquency are not criminal convictions." In re C.A.G., 89 A.3d 704, 713 (Pa. Super. 2014) (citation omitted). As Appellant does not identify any way in which his New York adjudication as a youthful offender differs from a juvenile adjudication of delinquency in Pennsylvania, he has not convinced us that the trial court erred in calculating his PRS.[4] Accordingly, we affirm Appellant's judgment of sentence.[5]

Judgment of sentence affirmed.

_____

[4] We note that Appellant suggests, in a single sentence, that his New York adjudication should not have been counted in his PRS because the court failed to make an "express finding … that the adjudication was for a felony or one of the Misdemeanor 1 offenses." Appellant's Brief at 15 (quoting 204 Pa.Code § 303.7(a)(4)). However, Appellant did not raise this issue at sentencing, or in his post-sentence motion; thus, it is waived. See Commonwealth v. Cartrette, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).

[5] To the extent that the trial court rejected Appellant's PRS argument on slightly different grounds, we observe that this Court is permitted to affirm the trial court "on any valid basis, as long as the court came to the correct result…." Wilson v. Transport Ins. Co., 889 A.2d 563, 577 n.4 (Pa. Super. 2005) (citations omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2019